**Amelia M. MARTIN, Plaintiff,**

v.

**NORBAR, INC., Defendant.**

No. C-1-81-327.

United States District Court,
S. D. Ohio, W. D.

May 7, 1982.

---

Alphonse A. Gerhardstein, Cincinnati, Ohio, for plaintiff.

J. Michael Fischer, Cincinnati, Ohio, for defendant.

## OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

SPIEGEL, District Judge:

This matter is before the Court on defendant's motion for summary judgment under Fed.R.Civ.P. 56 (doc. 17), plaintiff's memorandum in opposition (doc. 19), defendant's reply (doc. 20), plaintiff's supplemental memorandum in opposition (doc. 21) and affidavits and answers to interrogatories submitted by the parties. For the reasons set forth below, we find that defendant's motion should be denied.

The narrow question which we must decide is whether there is "no genuine issue as to any material fact and [whether] the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The Court cannot try issues of fact on a Rule 56 motion, but is empowered only to determine whether there are issues to be tried. 10 Wright & Miller, *Federal Practice and Procedure: Civil* § 2712 at 379 (1973). The moving party "has the burden of showing *conclusively* that there exists no genuine issue as to a material fact and the evidence together with all inferences to be drawn therefrom must be read in the light most favorable to the party opposing the motion." *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir. 1979). (Emphasis original.) And, "while the movant's papers are to be closely scrutinized, those of the opponent are to be viewed indulgently." *Id.* at 63. "[T]he District Court [is] obligated to consider not only the materials specifically offered in support of the motion, but also all 'pleadings, depositions, answers to interrogatories, and admissions' properly on file and thus properly before [the] court." *Id., quoting* Fed.R.Civ.P. 56(c). Summary judgment "must be used only with extreme caution for it operates to deny a litigant his day in court." *Id.* at 63.

Plaintiff was employed by the defendant company as an over-the-road truck driver from January 2, 1980 to February 2, 1980. Plaintiff bid on, and was assigned the Cincinnati to Dallas run. Defendant assigned two drivers to all long-distance runs, and each run had a "first-driver" who was more experienced and who was responsible for the successful completion of the run. Plaintiff made four trips to Dallas and back during January and February of 1980. Thomas Hudson was assigned as her co-driver, and "first-driver" on each of these trips.

On February 8, 1980, plaintiff complained to defendant's terminal manager that she was being sexually harassed by Hudson. She complained that Hudson told lewd stories and had asked her to go to bed with him. Plaintiff also told Flora that Hudson had touched her legs and thighs a number of times against her will. Plaintiff asked Flora to reassign her to another run and another driver. Flora then allegedly questioned Hudson who denied that he had sexually harassed plaintiff. Flora apparently believed Hudson because he informed plaintiff he was not going to reassign her. Plaintiff quit her employment that same day.

Plaintiff thereafter filed a complaint with the Ohio Civil Rights Commission, charging discrimination based on sex. Plaintiff received her notice of right to sue on January 14, 1981, and filed suit on March 13, 1981. In her complaint, plaintiff asserts that defendant's refusal to take corrective action made submission to sexual harass-

ment a term or condition of employment in violation of Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e *et seq.* She requests damages for lost wages and attorney fees.

In its motion for summary judgment defendant argues that the only question is whether it knew or should have known that Hudson was sexually harassing the plaintiff and asserts it may only be held liable if it failed to take appropriate corrective action under the circumstances of this case. Defendant states it had no duty to reassign plaintiff on the basis of one complaint and in the face of Hudson's denial. Defendant asserts it had no way of verifying the truth of plaintiff's allegations and that its response was therefore appropriate as a matter of law. According to defendant, our failure to grant its motion for summary judgment "would be tantamount to holding that an employer must treat all allegations of sexual harassment as true, regardless of the circumstances and regardless of the fact that no supervisory or management personnel are involved in the alleged sexual harassment, and must take the corrective action demanded by the complaining employee regardless of the effect of such corrective action on the employer's other employees and the employer's operations."

■ Assuming, for the purpose of this motion only, that Hudson is an employee and not a supervisor, we agree with defendant that it may be held liable only if it knew or should have known that Hudson was sexually harassing plaintiff and failed to take appropriate action under the circumstances. We disagree, however, with defendant's assertion that its actions were appropriate as a matter of law and with its recitation of the impact of our denial of its motion for summary judgment.

■ We find there is a question of fact whether defendant's response was appropriate under the circumstances, and that this question cannot be decided as a matter of law.

Initially, we note that Flora's alleged conversation with Hudson has never been established as an uncontroverted fact. Plaintiff did not witness the conversation and we have only defendant's assertion that it took place. Even if the fact of the conversation were established, however, the question remains whether it was reasonable to believe Hudson rather than the plaintiff. Plaintiff made a very serious charge against Hudson and we do not know whether defendant considered the motives that plaintiff or Hudson may have had to lie. It would seem reasonable to view Hudson's denial with some skepticism, especially if he had a reputation of sexually harassing women, as alleged in the affidavit of Gerald Atwood. An employer may not arbitrarily choose to ignore such a serious complaint; if it was not reasonable for the defendant to believe Hudson, and Hudson was harassing the plaintiff, the defendant could be held liable—not for the initial sexual harassment of which they had no knowledge, but for its own conduct in failing to take appropriate action, at the time it knew, or should have known, that Hudson was sexually harassing the plaintiff. Defendant asserts it was showing concern for plaintiff's complaints by questioning Hudson. If plaintiff's complaint is true, however, and Hudson was sexually harassing her, she had no real choice unless she wanted to be subjected to continued sexual harassment. The real question, therefore, is whether it was reasonable for defendant to force plaintiff to choose between going out on the road again with Hudson or quitting her job. The question, therefore, of whether there was sexual harassment, and whether defendant knew or should have known of it, are central to this litigation and are factual questions yet to be answered.

We find, therefore, that defendant's motion must be denied. In so doing, we decide neither that an employer must always believe an allegation of sexual harassment or must always take the corrective action demanded by the complaining employee. We find only that there are many unresolved questions of fact to be determined before this Court could find that the defendant fulfilled its obligations under the law.

For the reasons set forth above, defendant's motion is hereby DENIED.

SO ORDERED.