**Jose BLANCO, Plaintiff,**

v.

**HALLMARK CARDS, INC.; Bud Anderson; Leo Schreiner; and Dee Bisel, Defendants.**

No. 85–4460.

United States District Court,
D. Kansas.

Aug. 12, 1987.

Fred W. Phelps, Jr., Phelps–Chtd., Topeka, Kan., for plaintiff.

Donald Patterson, Fisher, Patterson, Sayler & Smith, Topeka, Kan., M. Theresa Hupp, Hallmarks Cards Inc., Kansas City, Mo., for defendants.

ROGERS, District Judge.

## MEMORANDUM AND ORDER

This is an employment discrimination brought by the plaintiff pursuant to 42 U.S.C. §§ 1981 and 2000e *et seq.* (Title VII). Plaintiff, a Mexican American, contends that the defendants discriminated against him because of his race in terminating him from his employment with Hallmark Cards, Inc. Plaintiff further contends that he was subjected to a hostile working environment in violation of § 1981 and Title VII during his employment. This matter is presently before the court upon defendants' motion for partial summary judgment. Defendants' motion is directed solely at plaintiff's hostile working environment claim.

In considering a motion for summary judgment, the court must examine the evidence in the light most favorable to the

opposing party. *Bee v. Graves,* 744 F.2d 1387, 1396 (10th Cir.1984), *cert. denied,* 469 U.S. 1214, 105 S.Ct. 1187, 84 L.Ed.2d 334 (1985). A moving party is entitled to summary judgment only when the evidence indicates that no genuine issue of material fact exists. Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). As to materiality, the Supreme Court has stated that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc., supra* 106 S.Ct. at 2510. The substantive area of law involved is relevant in determining which facts are material. *Id.* The mere existence of a scintilla of evidence in support of the nonmoving party's position will not be sufficient; there must be evidence on which a jury could reasonably find for the nonmoving party. *Id.* There is no express or implied requirement that the moving party support its motion with materials negating the nonmoving party's claim. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

The defendants contend that the evidence here is insufficient to establish a hostile working environment. Specifically, defendants assert that the record discloses only a few, isolated incidents of racially abusive conduct in the relevant time period. Defendants also argue that the evidence before the court fails to disclose that they were sufficiently aware of the offensive atmosphere and failed to remedy the situation. Plaintiff does not dispute that he can only recover on his hostile working environment claim based on conduct that occurred in the time periods set forth by the defendants. Yet, plaintiff contends that the record discloses sufficient evidence of a hostile working environment so as to avoid summary judgment.

Recently, in *Wilson v. State of Kansas,* No. 83–4182 (D.Kan., unpublished, 9/22/86), we had this to say about a hostile working environment claim:

The court has examined several cases which discuss claims of a hostile working environment. We would agree with the Sixth Circuit's observation that: "Courts addressing claims of hostile working environments have emphasized that incidents of racial slurs must be more than sporadic and that the plaintiff must demonstrate that management failed to take adequate steps to remedy the situation." *Erebia v. Chrysler Plastic Products Corp.,* 772 F.2d 1250, 1254 (6th Cir.1985).

The only issue for the court in the pending motion is whether the plaintiff has produced sufficient evidence of a hostile working environment. This determination must focus on whether the record shows sufficient pervasive racial harassment and knowledge of such harassment by the defendants.

In *Moffett v. Gene B. Click Co., Inc.,* 621 F.Supp. 244 (D.Ind.1985), the court extensively elaborated on the hostile working environment claim. The court's discussion of the evidence required to establish "sufficiently pervasive" harassment is applicable here:

What constitutes "sufficiently pervasive" harassment has been the subject of a number of cases. The harassment cannot be isolated or sporadic, *Katz v. Dole,* 709 F.2d 251, 256 (4th Cir.1983); *Taylor v. Jones,* 653 F.2d 1193, 1199 (8th Cir. 1981); *Bundy v. Jackson,* 641 F.2d [934] at 943 n. 9 [ (D.C.Cir.1981) ]; *Snell* [v. Suffolk County], 611 F.Supp. [521] at 525 [ (E.D.N.Y.1985), aff'd, 782 F.2d 1094 (2d Cir.1986) ]; *Ellison v. Best Foods,* 598 F.Supp. 159, 163 (E.D.Ark.1984); *Weiss v. United States,* 595 F.Supp. 1050, 1056 (E.D.Va.1984), nor merely a part of casual conversation. *Johnson v. Bunny Bread Co.,* 646 F.2d 1250, 1257 (8th Cir. 1981); *Cariddi v. Kansas City Chiefs Football Club, Inc.,* 568 F.2d 87, 88 (8th Cir.1977); *EEOC v. Murphy Motor Freight Line,* 488 F.Supp. 381, 384 (D.Minn.1980). Rather, the plaintiff must show a "concerted pattern of harassment," *Fekete v. U.S. Steel Corp.,* 353 F.Supp. 1177, 1186 (W.D.Pa.1973), such as a "steady barrage of opprobrious racial comment," *Johnson,* 646 F.2d at

1257, which is "so excessive and opprobrious" that it constitutes a violation of Title VII. *Cariddi,* 568 F.2d at 88. The court in *Weiss,* a case involving discrimination on the basis of religion, summarized the law this way:

> An occasional offensive religious epithet by a co-worker does not necessarily give rise to a Title VII claim against an employer. Nonetheless, when an employee is repeatedly subjected to demeaning and offensive religious slurs before his fellows by a co-worker and by his supervisor, such activity necessarily has the effect of altering the conditions of his employment within the meaning of Title VII ... Continuous abusive language, whether racist, sexist, or religious in form, can often pollute a healthy working environment by making an employee feel uncomfortable or unwanted in his surroundings. In more extreme cases ... it can even severely affect the employee's emotional and psychological stability.

595 F.Supp. at 1056 (citation omitted). *Id.,* at 269–70.

Further, the court's discussion of the requirement of the employer's knowledge of the abusive conduct is also helpful:

> To show employer knowledge, a harassment plaintiff must show that the employer knew or should have known of the harassment in question. *Katz v. Dole,* 709 F.2d at 256; *Henson* [*v. City of Dundee* ], 682 F.2d [897] at 905 [ (11th Cir.1982) ]; *Weiss,* 595 F.Supp. at 1057; *Coley v. Consolidated Rail Corp.,* 561 F.Supp. 645, 649–50 (E.D.Mich.1982); *Martin v. Norbar, Inc.,* 537 F.Supp. 1260 (S.D.Ohio 1982); *Murphy Motor Freight Lines,* 488 F.Supp. at 385. Employer knowledge can be established by showing that the plaintiff complained to higher management of the harassment, *Henson,* 682 F.2d at 905; *Bundy v. Jackson,* 641 F.2d at 943, or by showing that the intensity and pervasiveness of the harassment was such that one can infer actual or constructive knowledge of it by the employer. *Katz,* 709 F.2d at 256; *Henson,* 682 F.2d at 905; *Croker v. Boe-*

*ing Co. (Vertol Div.),* 437 F.Supp. 1138, 1194 (E.D.Pa.1977).

> Once an employer knows of the harassment, a plaintiff must show that the employer failed to take prompt and adequate remedial action. *Henson,* 682 F.2d at 905; *DeGrace* [*v. Rumsfeld* ], 614 F.2d [796] at 805 [ (1st Cir.1980) ]; *Coley v. Consolidated Rail Corp.,* 561 F.Supp. at 651; *Martin v. Norbar, Inc.,* 537 F.Supp. at 1262. What constitutes "adequate" remedial action depends upon the facts of the case. Several courts have made it clear that employers cannot be responsible for every offensive remark made at the workplace precisely because an employer cannot change the personal beliefs of its employees. *See Katz,* 709 F.2d at 256; *DeGrace,* 614 F.2d at 805; *Howard v. National Cash Register Co.,* 388 F.Supp. 603, 606 (S.D.Ohio 1975). Once an employer knows of harassment, however, it "can let it be known ... that racial harassment will not be tolerated, and he can take all reasonable measures to enforce this policy...." *DeGrace,* 614 F.2d at 805. This involves more than merely indicating the existence of an official policy against harassment or discrimination. *See Katz,* 709 F.2d at 256; *Weiss,* 595 F.Supp. at 1057. The measures required are reasonable affirmative steps to "eliminate the harassment," *Murphy Motor Freight Lines,* 488 F.Supp. at 385, which "maintain an atmosphere free of racial intimidation and insults." *Croker,* 437 F.Supp. at 1191. *See e.g.,* EEOC Decision No. 74–25 (1973). While the proper response will always vary with the circumstances, the overriding principle in this aspect of the respondeat superior element is that an employer who tolerates harassment or discrimination violates Title VII. *Taylor v. Jones,* 653 F.2d at 1199; *DeGrace,* 614 F.2d at 805.

*Id.,* at 270–71.

In applying these standards to the instant case, we must conclude that defendants' motion for partial summary judgment must be denied. Plaintiff has suggested in his deposition that a number of fellow employees used the terms "nigger" and

"taco" on a repeated basis. He also mentioned other incidents where racial slurs were used. This testimony, while not overwhelming, is sufficient to avoid summary judgment. The issue of the defendants' knowledge of the abusive conduct is more difficult. The evidence shows that few, maybe only one, of the incidents was ever brought to the attention of the management at Hallmark. Plaintiff readily admits that after one of his complaints a supervisor spoke at a departmental meeting and said racial language would not be tolerated. On one other occasion, after plaintiff reported another incident, a supervisor told plaintiff to "forget it." In sum, the evidence of actual knowledge by the defendants of a hostile working environment is extremely weak. Nevertheless, if the intensity and pervasiveness of the racial slurs was as strong as suggested by the plaintiff, an inference of constructive knowledge by the defendants can be made. In sum, we find the evidence sufficient to avoid summary judgment.

IT IS THEREFORE ORDERED that defendants' motion for partial summary judgment be hereby denied.

IT IS SO ORDERED.